UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHARLEY R. SPAULDING, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-307-KAC-JEM |
| SULLIVAN COUNTY SHERIFF'S OFFICE, RICHARD S. VENABLE, and JEFF CASSIDY, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner housed at the Sullivan County Detention Center, filed a (1) complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) motion for leave to proceed *in forma pauperis*, as supplemented [Doc. 4; *see also* Doc. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* and **DISMISSES** the complaint without prejudice for failure to exhaust administrative remedies before filing suit.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis*, as supplemented [Docs. 4, 7] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 4].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.     Plaintiff's Allegations

Plaintiff raises serious allegations about the conditions and his treatment at the Sullivan County Detention Center [*See* Doc. 1]. But the Complaint states that he has not "present[ed] the facts relating to" his "complaint in the prison grievance procedure" [*See id.* at 2]. Plaintiff explains

2

that he failed to do so because he believes that the "prisoner grievance system is inadequate and also unreliable" [*Id.*]. The Complaint does not allege that Plaintiff (1) was unaware of the prison grievance system, (2) tried to file a grievance, or (3) was prevented from filing a grievance, or any facts that would permit the Court to make such an inference [*See* Doc. 1].

    **C.    Analysis**

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. But before an inmate may bring a Section 1983 suit in federal court, he must exhaust "such administrative remedies as are available" at his correctional institution. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592-93 (6th Cir. 2017). To meet the exhaustion requirement, an inmate must properly satisfy the grievance procedures set by his correctional institution. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion is generally mandatory. *See Ross v. Blake*, 578 U.S. 632, 641 (2016).

Failure to exhaust administrative remedies is an affirmative defense, *see Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012), but a complaint with allegations establishing that the plaintiff failed to exhaust is subject to dismissal for failure to state a claim, *see Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *Barnett v. Laurel Cnty., Ky.,* No. 16-5658, 2017 WL 3402075, at *1-2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citations omitted). Here, the Complaint makes plain that Plaintiff has not exhausted his administrative remedies at the Sullivan County Detention Center or made any attempt to do so before filing suit [*See* Doc. 1 at 2]. He does not allege that he was

3

prevented from or hindered in filing any grievance [*See* Doc. 1]. And "the Sixth Circuit requires some affirmative efforts to comply with the administrative procedures" before the Court would even analyze "whether the facility rendered these remedies unavailable." *See Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 223-24 (6th Cir. 2011) (citations omitted). Because Plaintiff's failure to exhaust his administrative remedies is plain, and there is no indication that any exception to the exhaustion requirement applies, the Court **DISMISSES** his Complaint **without prejudice** to refiling after properly exhausting his administrative remedies.

## III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account is to submit the filing fee to the Clerk in the manner set forth above; and

4. The Court **DISMISSED** Plaintiff's complaint **without prejudice** to refiling under 28 U.S.C. §§1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate Judgment Order **SHALL** enter.

**SO ORDERED**.

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge